UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-33-TBR

MCI COMMUNICATION SERVICES INC.,
d/b/a VERIZON BUSINESS, a Delaware Limited
Liability Company                                                                                    PLAINTIFF

v.

BRV EQUIPMENT, INC., a Mississippi Company                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion for Summary Judgment (Docket #19). Plaintiff has responded (Docket #20). Defendant has replied (Docket #31). Plaintiff has filed a surreply (Docket #32). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgement is **DENIED**.

## BACKGROUND

Plaintiff MCI Communication Services, Inc., doing business as Verizon Business ("Verizon"), brought this action against Defendant BRV Equipment, Inc. ("BRV") for trespass and negligence after BRV cut a fiber optic cable installed and owned by Verizon. BRV now moves for summary judgment.

BRV is an excavation contractor. In January 2007, BRV contracted with Canadian National Railroad ("CN") to replace a bridge owned by the railroad in Arlington, Kentucky. On May 2, 2007, BRV severed a fiber option cable that ran 200 feet south of the bridge during its excavation work. The cable was underground, but its location was marked with orange paint and orange flags that ran alongside and approximately fifty feet to the north and south of the bridge. As a result of the severed cable, Verizon's telephone service was interrupted.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**ANALYSIS**

BRV argues that, as an agent of CN, it is indemnified from all liability by an exculpatory clause in an agreement entered into by MCI Telecommunications Corporation and Illinois Central Gulf Railroad Company in 1984 (the "Agreement"). Verizon and CN are successors-in-interest to the Agreement. The Agreement, which is still in effect, grants Verizon an easement to

run its fiber optic cable along CN's rail corridor. The exculpatory clause of the Agreement states:

> 35.2  Anything to the contrary notwithstanding, MCI shall release and indemnify and save harmless Railroad, its officers, employees and agents, for any damage (including loss of use or revenue, indirect or consequential damage) to the property of MCI, including the Fiber Optic Cable System or any of MCI's Facilities and all appurtenances thereto or property of MCI's officers, employees, agents, contractors or subcontractors, arising from or growing out of, or in any manner or degree directly or indirectly caused by, attributable to, or resulting from the grant or exercise of this Easement or the construction, maintenance, repair, renewal, alterations, change, relocation, existence, presence, use, operation or removal of any structure incident thereto or from any activity conducted by or on behalf of MCI or Railroad on or in the vicinity of the Rail Corridor regardless of the negligence of Railroad, its officers, employees or agents.

As a preliminary matter, the Court must first determine whether BRV is an agent of CN. If BRV is not an agent of CN, then it does not have the protection of the Agreement's exculpatory clause.

**I. Choice of Law**

The Agreement includes a choice of law provision stating that it "shall be interpreted, constructed and enforced in accordance with the laws of the State of Illinois." Verizon argues that the Agreement's choice of law provision raises the issue of whether BRV's agency relationship is to be determined according to Illinois or Kentucky law. BRV does not address the choice of law issue, instead choosing to address only Kentucky law in its briefs.

Jurisdiction in this case is based on diversity. 28 U.S.C. § 1332. "Under the *Erie* doctrine, *Erie RR Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity case applies the law of the state in which it sits, including that state's choice of law provisions." *Davis v. Sears, Roebuck and Co.*, 873 F.2d 888, 892 (6th Cir. 1989). Whether BRV is an agent of CN is to be determined by Kentucky law because Kentucky is the forum state in this case. The Court

finds that Illinois law will only apply in this case if BRV is determined to be an agent of CN and the Agreement's choice of law provision is enforceable under Kentucky law.

**II. Agency**

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 50 (Ky. 2003) (quoting *CSX Transportation, Inc. v. First National Bank of Grayson*, 14 S.W.3d 563, 566 (Ky. Ct. App. 1999)). "The question of agency always concerns the nature of the relationship at the time the injury occurred." *Sam Horne Motor & Implement Co. v. Gregg*, 279 S.W.2d 755, 756 (Ky. 1955). Under Kentucky law, nine factors are considered in determining whether one acted for another as an agent or independent contract. *Id.* (citing Restatement (First) of Agency § 220(2)). The nine factors are:

> (1) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (2) whether or not the one employed is engaged in a distinct occupation or business;
> (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (4) the skill required in the particular occupation;
> (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (6) the length of time for which the person is employed;
> (7) the method of payment, whether by the time or by the job;
> (8) whether or not the work is a part of the regular business of the employer; and
> (9) whether or not the parties believe they are creating the relationship of master and servant.

*Id.* "[T]he right to control is considered the most critical element in determining whether an agency relationship exists." *Phleps*, 103 S.W.3d at 50.

"The burden of proving agency is on the party alleging its existence." *Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky. 1992). "Agency is a legal conclusion to be reached only after analyzing the relevant facts . . . ." *CSX Transp., Inc. v. First Nat. Bank of Grayson*, 14 S.W.3d 563, 566 (Ky. Ct. App. 1999) (quoting *Thomas v. Hodge*, 897 F.Supp. 980, 982 (W.D. Ky. 1995). "Where the facts are in dispute and the evidence is contradictory or conflicting, the question of agency, like other questions of fact, is to be determined by a jury. However, where the facts are undisputed, the question becomes one of law for the court." *Id.* (quoting *Wolford v. Scott Nickels Bus Co.*, 257 S.W.2d 594, 595 (Ky. 1953)).

Verizon argues that BRV has failed to satisfy its burden of proving its agency relationship with CN because BRV submitted no evidence with its motion for summary judgment demonstrating its agency relationship. Even if BRV had submitted evidence of its agency relationship, Verizon argues that the Court could not find that BRV was an agent of CN because the contract entered into between BRV and CN for the excavation work explicitly states that BRV is an independent contractor and not an agent of CN. Verizon has entered the contract between BRV and CN into evidence. (Pl.'s Ex. 6)

In reply, BRV offers the internal CN emails attached with Verizon's response as evidence of BRV's agency relationship with CN. (Pl.'s Ex. 8). In one email, Kevin R. Day, a CN employee, writes to another CN employee that Roger Dillon, the foreman of the Arlington bridge crew and a CN employee, informed him that Verizon's fiber optic cable was cut when Dillon told a BRV employee who was operating the trackhoe to take some muddy material "and move it approximately 100 feet south of the bridge." *Id.* BRV also offers the deposition testimony of Roger Dillon, wherein Dillon states that he instructed the BRV trackhoe operator to

5

clean up a mess, the performance of which resulted in the fiber optic cable being cut. (Dillon Depo. 29:17-30:24).

BRV contends that this evidence demonstrates that BRV was working under the direction of CN personnel, such as Roger Dillon. By directing the BRV operator in the performance of his work, BRV argues that CN changed its relationship with BRV from that of independent contractor to agent. In support of this argument, BRV cites *Madisonville, H &E R. Co. v. Owen*. 143 S.W. 421 (Ky. Ct. App. 1912). In *Madisonville*, the court held:

> If the owner or person having the work done not only directs what shall be done, but how it shall be done, and controls the laborers employed upon it, or, if the person engaged to do the work 'is at all times subject to the will of his employer, or cannot properly refuse to obey his directions as to the mode in which the work shall be done and the persons to be employed', the relation of master and servant, and not that of an independent contractor, exists, although the employer should never exercise such control and the employé should be paid by the job instead of by the day or week.

*Id.* at 424 (quoting *Ballard & Ballard Co. v. Lee's Adm'r*, 115 S.W. 732 (Ky. Ct. App. 1909)).

The Court finds BRV's reliance on *Madisonville* misplaced. While the *Madisonville* decision remains good law, numerous subsequent rulings by Kentucky courts have made it clear that the test for determining whether a party is an agent or independent contractor is the nine factor test previously articulated by the Court. *See, e.g., Sam Horne Motor & Implement Co. v. Gregg*, 279 S.W.2d 755, 756 (Ky. 1955); *Ratliff v. Redmon*, 396 S.W.2d 320 (Ky. 1965); *Brock v. Pilot Corp.*, 234 S.W.3d 381 (Ky. Ct. App. 2007)). The most important factor of which is the extent of control the principal has over the work performed. *Phleps*, 103 S.W.3d at 50. It is this nine factor test, and not the language in *Madisonville*, that must be used to determine whether BRV acted as an agent or independent contractor.

The evidence before the Court is conflicting. While the contract between BRV and CN

6

clearly states that BRV is an independent contractor, there is also evidence to suggest that CN exercised substantial control over BRV in its excavation work. Because the factual evidence before the Court is in dispute, a genuine issue of material fact exists as to whether or not BRV was an agent of CN at the time the injury occurred. Under Kentucky law, this factual dispute must be resolved by a jury. *CSX Transp.*, 14 S.W.3d at 566.

BRV has failed to meet its burden of showing that no genuine issues of material fact exist in this case. Verizon has further come forth with specific facts that demonstrate a genuine issue for trial.[1] Accordingly, on the basis of the record before the Court at this time, BRV's motion for summary judgment cannot be granted. *See National Solid Wastes Management Ass'n v. Voinovich*, 959 F.2d 590 (6th Cir. 1992) ("In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issues of material fact remain in dispute. If the moving party meets this burden, the party opposing the motion must come forward with specific facts to show a genuine issue for trial. ") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

An appropriate order shall issue.

---

[1] In its response brief, Verizon raises additional arguments pertaining to the existence of genuine issues of material fact in this case. Because the Court finds that BRV's relationship to CN is a genuine issue of material fact, the Court need not consider Verizon's additional arguments at this time.